**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-03218-RM-MJW

WILLIAM BAZAREWSKI, and
HEATHER BAZAREWSKI,

    Plaintiffs,

v.

THE VAIL CORPORATION d/b/a VAIL RESORTS MANAGEMENT COMPANY,

    Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**

---

THIS MATTER is before the Court on the Motion for Award of Attorneys' Fees, (the "Motion") filed by Defendant The Vail Corporation d/b/a/ Vail Resorts Management Company ("Defendant" or "Vail") (ECF No. 55). As discussed herein, the Motion is GRANTED.

C.R.S. § 13-17-201 allows the trial court to award reasonable attorney fees to a defendant when it dismisses a tort action under Rule 12(b)(6). The party seeking the award bears the burden to show that the hourly rate is reasonable. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). A reasonable rate is the prevailing market rate in the relevant community. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

On March 4, 2014, this Court granted Defendant's Motion to Dismiss. (ECF No. 52.) Defendant subsequently filed the Motion, and Plaintiff filed a Response on April 16, 2014. (ECF No. 59.) Defendant argues that "Vail is entitled to an award of $71, 259.50 in attorney's fees pursuant to Colorado law." (ECF No. 55 at 1.) Plaintiff does not dispute the amount of hours

1

billed by Vail's attorneys in defending this matter, nor does Plaintiff dispute that Vail is entitled to reasonable attorney fees in defending this action, but Plaintiff does dispute that the billing rates charged by Vail's attorneys are reasonable. Specifically, Plaintiff points to the "discounted" rates charged by Wheeler Trigg O'Donnell, LLP personnel, $360 per hour for attorney Craig May, $305 an hour for attorney Tina Ruhland, and $145 an hour for paralegal Sharon Gottsefeld. They also point to the $235 per hour rate charged by Vail's in-house attorneys. Plaintiffs point to no specific authority or other figure they would deem reasonable, but simply ask the Court to "reduce these fees to an amount it deems reasonable." (ECF No. 59 at 2.)

In support of its motion, Vail included an affidavit by Samuel N. Shapiro, Vail's in-house litigation counsel. Mr. Shapiro set forth facts and opinions in support of the billing rates charged by Vail's attorneys. For instance, Mr. Shapiro cited Mr. May's thirteen years of experience in Colorado litigation, "primarily on defending personal injury and product liability cases and on commercial disputes." (ECF No. 55-1.) Ms. Ruhland has been admitted to practice in Colorado since 2010. Ms. Gottesfeld has 30 years of experience in personal injury and commercial litigation as a paralegal. Mr. Shapiro's affidavit lays out his opinion that the billing rates charged by the Wheeler Trigg personnel were reasonable based on his "personal knowledge of the hourly rates charged for this type of litigation by attorneys of comparable experience in this community." (ECF No. 55-1 at 2.)

Mr. Shapiro also stated that "[t]he reasonable hourly billing rate for both Mr. Benora and I in defending this case is $235.00, which has been calculated by conservatively averaging the hourly rates charged for this type of litigation by attorneys of comparable experience in this

2

community." (ECF No. 55-1 at 2.) Mr. Shapiro and Mr. Benora have each been admitted to practice law since 1999 and 2000, respectively. (ECF No. 55-1 at 1.)

Where, as here, "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1079 10th Cir. 2002). Applying the facts as outlined in the affidavit, as well as my own knowledge of prevailing market rates, I find that the rates, particularly given the distribution of labor,[1] are reasonable.

For the reasons set forth above, the Court ORDERS as follows:

The Motion is GRANTED, and Defendant's attorneys are collectively awarded $73,509.50 in fees.

DATED this 27th day of August, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] Upon the Court's request, Mr. Shapiro filed a Supplemental Affidavit in Support of Defendant's Motion for Attorney's Fees, which set forth the amount of hours billed total by each individual at their respective billing rate. (ECF No. 65.) That affidavit also corrected the total amount from the total shown in the Motion, accounting for an error made in the original calculation. This Order uses the final amount used in the Supplemental Affidavit.